## FREDERICK DASHE v. THE BOARD OF CHOSEN FREE-HOLDERS OF THE COUNTY OF HUDSON.

Submitted December 3, 1909—Decided March 14, 1910.

Under the authority conferred by "An act to authorize the construction and maintenance of bridges and the approaches thereto over navigable waters which mark the dividing line between counties in this state," approved May 22d, 1894 (*Pamph. L., p.* 465), as amended by an act approved March 23d, 1896 (*Pamph. L., p.* 115), a bridge can be constructed only by the boards of freeholders of the two counties jointly and after such boards have each declared such bridge to be a public necessity.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and VOORHEES.

For the plaintiff, *Thomas F. Noonan* and *Gilbert Collins.*

For the defendant, *John A. Dennin, John Griffin* and *Joseph M. Noonan.*

The opinion of the court was delivered by

VOORHEES, J. This action was brought by the plaintiff, a civil engineer, against the board of chosen freeholders of Hudson county to recover upon a contract of employment to act as engineer for that county in conjunction with the Essex county engineer on a proposed bridge across the Passaic river between those counties. The bridge was never built. The basis of the action is a charge for preliminary surveys, &c., plans and specifications, at the rate of one-half of five per centum of $125,000, being Hudson county's share of the cost of the bridge, and also for loss of profits because the bridge was not constructed and thereby he was prevented from performing his contract.

The case was tried by the court without a jury and resulted in a finding for the plaintiff for $4,687.50, part being for services actually rendered and part for profits which the plaintiff would have made if the bridge had been in fact constructed under his supervision. Thereupon this rule to show cause was granted to the defendant.

Freeholders as such have no right to build bridges, but must derive their power in this respect from the legislature. *Allen v. Freeholders, 2 Beas.* 68. The statutory authority is conceded to have been conferred by "An act to authorize the construction and maintenance of bridges and the approaches thereto over navigable waters which mark the dividing line between counties in this state," approved May 22d, 1894 (*Pamph. L., p.* 465), as amended by an act approved March 23d, 1896 (*Pamph. L., p.* 115).

Under these acts the bridge could be constructed only by the boards of freeholders of the two counties jointly and after such boards had each declared the bridge to be a public necessity. While the board of Hudson county passed a resolution declaring that the bridge was a public necessity, that of Essex county never did.

There seems to have arisen a joint committee of the two counties. That of Hudson county was appointed February 5th, 1903. It was empowered to act in conjunction with the Essex board, with power to secure and approve plans, &c., and to report to the board. On April 9th, 1903, while declaring in favor of a bridge, the Essex board did not feel warranted in undertaking it. February 11th, 1904, a petition for a bridge was referred by the Essex board to the Newark free bridge committee. Then we have certain actions of a joint committee so called, but its appointment on the part of Essex county does not appear. The Hudson members seem to have named plaintiff as their engineer, and fixed his compensation, as early as April 21st, 1904. The action of Essex county, claimed to be decisive, was that of April 28th, 1904, namely: "*Resolved,* That a report having been received as follows: The joint committee of Hudson and Essex counties on

free bridges, beg leave to report that they have determined that the proper location for the new bridge between Newark and Kearny is at Delavan avenue, or in the vicinity thereof, and they recommend that the bridge be constructed at that point; therefore, *Resolved,* That the engineers of the two counties be authorized to prepare plans for said bridge, and that the committee be authorized to get bids for the same." While Hudson duly declared that the bridge was a public necessity, it is admitted that Essex county never passed a resolution making that declaration. At any rate, plaintiff bases his recovery on an employment by Hudson county to superintend the building of the entire bridge at an estimated total cost of $250,000, and limits such recovery to a percentage calculated upon one-half of such cost, which the plaintiff apportions and calls it Hudson county's share.

Hudson county on May 19th, 1904, passed the following resolution:

"WHEREAS, This board at the meeting held February 5th, 1903, adopted a resolution declaring the construction of a bridge across the Passaic river between the foot of Halstead street, in the town of Kearny, county of Hudson, and the foot of Delavan avenue, in the city of Newark, county of Essex, to be a public necessity; and

"WHEREAS, The board of chosen freeholders of the county of Essex have since adopted concurrent or similar resolutions; therefore, be it

"*Resolved,* That Mr. Frederick Dashe be and he is hereby appointed engineer on the work of construction of said bridge, from this county, to act in conjunction with the engineer of the county of Essex, to prepare plans and specifications of said work, and report the same to this board at its next meeting; and be it further

"*Resolved,* That the compensation of such engineer is fixed at five per centum (5%) of the cost of construction to be apportioned between said engineers equally, which said compensation shall be included in the cost of construction."

This was not truthful. ·Essex had never passed a resolution declaring the public necessity for the bridge. It was therefore an employment of the plaintiff by Hudson county only, which Hudson county severally had no power to contract for. The statute prescribed *joint* action. On the same date, in the evening, the plaintiff was accepted as engineer by the joint committee. This committee then instructed the engineers to prepare plans for submission to the next meeting. There was no contract with plaintiff by the joint boards. The contract of the single board was of no avail. It had no right independent of the statute to build a bridge across navigable rivers. *Allen* v. *Freeholders, supra*.

The plaintiff, however, insists that even though the determination of the public necessity of such bridge and its location be a judicial question which cannot be delegated to a committee or to engineers, yet there was a sufficient determination in the case in hand. It is argued that boards of freeholders have power to designate committees and define their duties, and, that whether the Essex county board did make a sufficient declaration to this effect or not, is not material to the plaintiff's claim, because the Hudson county board, by its recital in the resolution of May 19th, 1904, that the Essex board had so determined, worked an estoppel, and the plaintiff was not obliged to look to the proceedings of Essex county, as·his employment was by the Hudson county board.

It must be borne in mind, however, that the employment was for a specific purpose and regarding a matter over which a board of freeholders has jurisdiction only by virtue of the statutes above referred to; ·that this state of the law plaintiff must be presumed to know, and his actual knowledge is not denied. Therefore the general power of boards of freeholders over matters with which they are generally charged, to appoint committees and the like, does not aid the plaintiff's case. The power to contract was not vested in either board separately, nor were both boards jointly the recipients of the power until the declarations prescribed by the statute regarding the public necessity had been made as above set forth. Whether

joint action through a committee be involved, or the separate action of Hudson county be relied upon, it will be equally unavailing to the plaintiff.

The rule, however, that where municipal action is dependent upon a determination of a necessity or the like prerequisite, such prerequisite is to be inferred from the action itself, does not exist, where jurisdiction depends upon a finding preliminary to action (*Northern Railroad Co.* v. *Englewood*, 33 *Vroom* 191), as is the fact under this statute.

Therefore, the theory that the action by the joint committee of the two counties is equivalent to and supplied the place of a prior determination of the public necessity by the respective boards, must be held to be untenable in the case in hand. The board lacked power; its attempted action was not an irregular exercise of power possessed by it.

The municipal action under review was not by ordinance, which often is beyond collateral attack. It was void, and, being void, is unable to support the contract of employment so as to render the municipality liable. Nor can the doctrine of equitable estoppel be invoked. A contractor with a municipal corporation must, at his peril, ascertain whether it has the power to contract. *Schumm* v. *Seymour*, 9 *C. E. Gr.* 143; *Ely* v. *Newark*, 47 *Vroom* 532; *Jersey City Supply Co.* v. *Jersey City*, 42 *Id.* 631.

The rule will be made absolute.